NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3264

CLARA A. ALVAREZ,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Clara A. Alvarez, of Freedom, Maine, pro se.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3264

CLARA A. ALVAREZ,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0731070553-I-1
and PH315H070436-I-1.

_____

DECIDED:  November 6, 2008

_____


Before BRYSON and DYK, <u>Circuit Judges</u>, and PATEL, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Clara A. Alvarez petitions for review of a decision of the Merit Systems Protection Board dismissing her appeal from her removal from employment with the Department of the Treasury.  We <u>affirm</u>.

---

[*]   The Honorable Marilyn Hall Patel, District Judge, United States District Court for the Northern District of California, sitting by designation.

BACKGROUND

Ms. Alvarez was hired on May 30, 2006, to the position of Revenue Officer with the Internal Revenue Service ("IRS"). Her appointment was subject to the completion of a one-year probationary period with the agency and a limited background investigation. The background investigation revealed, among other things, that prior to her employment with the agency, while she was working for the State of Maine as a Tax Examiner, Ms. Alvarez had been suspended from duty for inappropriately accessing state and federal tax information. Following the background investigation, Ms. Alvarez was notified, on May 7, 2007, that she would be terminated during her probationary period for "conduct unbecoming or not suitable for IRS employment." She was advised that she had seven calendar days from receipt to provide a written reply to the letter. She received a copy of the background investigation report on May 10, 2007, and submitted a timely written reply to the agency's letter on May 14, 2007. On May 22, 2007, Ms. Alvarez's employment with the agency was terminated, effective May 24, 2007.

Ms. Alvarez filed two appeals with the Merit Systems Protection Board challenging the agency's decision to terminate her employment. The appeals were consolidated and the administrative judge assigned to the case conducted a hearing. Following the hearing, the administrative judge dismissed the appeals on the ground that the Board lacked jurisdiction over Ms. Alvarez's termination. The administrative judge rejected Ms. Alvarez's assertion that the Board could assert jurisdiction on the ground that she had been terminated based on an unsuitability determination pursuant to 5 C.F.R. § 731 (2007). Instead, the administrative judge concluded that Ms. Alvarez

had been terminated under 5 C.F.R. § 315 (2007) for conduct based in whole or in part on conditions arising before her appointment. The administrative judge then considered whether Ms. Alvarez had been afforded the procedural safeguards of 5 C.F.R. § 315.805 (2007), which are applicable to probationary employees who are terminated for conduct based in part on pre-appointment conditions. Finding that Ms. Alvarez had been granted her procedural rights, the administrative judge dismissed the appeals. After the full Board denied Ms. Alvarez's petition for review, she petitioned for review by this court.

## DISCUSSION

When a competitive service employee is terminated during a probationary period, the employee enjoys no statutory right of appeal to the Merit Systems Protection Board. See 5 U.S.C. §§ 4303(f)(2), 7511(a)(1)(A)(i). Although probationary employees have a right to appeal pursuant to OPM regulation, that right is available in only a few circumstances. See 5 C.F.R. § 315.806 (2007). One of those circumstances is when a probationary employee claims that the termination was based in whole or in part on conditions arising before appointment. In such a case, the employee's appeal is limited to whether the termination was effected in accordance with the procedural requirements of 5 C.F.R. § 315.805 (2007). See id. § 315.806(c) (2007).

With respect to the issue raised in her first appeal, Ms. Alvarez argues that she was not afforded the protections of section 315.805 of the OPM regulations when she was removed from employment during her probationary period. Section 315.805 provides that a probationary employee who is subject to termination based in whole or in part on conditions arising before his or her appointment is entitled to (1) "an advance

written notice stating the reasons, specifically and in detail, for the proposed action," (2) "a reasonable time for filing a written answer to the notice of proposed adverse action and for furnishing affidavits in support of [that] answer," and (3) notice of any adverse decision and the employee's appeal rights.

The administrative judge found that Ms. Alvarez was given advance written notice of the proposed termination on May 7, 2007, and was given seven days within which to respond. Although the regulations do not define "reasonable time," the administrative judge looked to the amount of time a non-probationary employee is given to answer the agency's charges. Under 5 U.S.C. § 7513(b)(2), such an employee is entitled to "a reasonable time, but not less than 7 days" within which to respond. Because Ms. Alvarez was allowed seven days to respond to the notice of proposed adverse action, the administrative judge concluded that the amount of time given to Ms. Alvarez was reasonable.

While Ms. Alvarez was given seven days to respond to the termination notice, the record reflects that she did not receive a copy of the background investigation report detailing the allegations against her until May 10, 2007. Thus, she had only four days from the receipt of the report to file her written answer. Although the administrative judge did not address the adequacy of a four-day notice period, he found that even if the agency should have granted Ms. Alvarez's request for additional time to respond, she failed to show that any error in that regard was prejudicial. In light of the highly factual nature of those determinations and the administrative judge's detailed analysis of the prejudice issue, we uphold the administrative judge's ruling.

In particular, the administrative judge found that even if Ms. Alvarez should have been given more time for her response, the error was harmless in light of the fact that Ms. Alvarez filed a thorough response to the notice within the allotted time and failed to show that the short response time prejudiced her. Ms. Alvarez testified before the administrative judge that if she had had more time she would have responded to derogatory allegations made by a former supervisor and would have provided statements from co-workers at her former job. The administrative judge noted, however, that she did respond to the derogatory allegations by providing copies of performance appraisals she received from her former supervisor and found that Ms. Alvarez had not shown that her co-workers' statements would likely have led the agency to reach a different conclusion. Because Ms. Alvarez has not made a persuasive showing that the administrative judge erred in reaching those conclusions as to the questions of procedural error and the absence of prejudice, we sustain the Board's ruling on the procedural protection issue.[1]

With respect to her second appeal, Ms. Alvarez argues that the agency did not terminate her employment under the authority of section 315.805 of the OPM regulations, but instead acted pursuant to an adverse suitability determination under part 731 of the OPM regulations. Because an employee in the competitive service who is terminated as a result of being found unsuitable for employment in a suitability determination may appeal that determination to the Board, see 5 C.F.R. § 731.501

---

[1] Although the administrative judge dismissed the appeal relating to the asserted procedural error, we believe the Board's order should have affirmed, rather than dismissed, the appeal, as the Board had jurisdiction under 5 C.F.R. § 315.806 (2007) to address the asserted procedural error; the Board's ruling against Ms. Alvarez was based on its determination that she was not entitled to relief on the merits of that claim.

(2007), Ms. Alvarez contends that the Board had jurisdiction over her appeal on that ground.

Ms. Alvarez does not dispute the agency's authority to terminate probationary employees for conditions arising before appointment. The OPM regulations make clear that a suitability determination under part 731 is distinct from an agency action under part 315, and part 731 specifically provides that "[w]here behavior covered by this part may also form the basis for a part 752 [adverse actions for non-probationary employees] or 315 action, agencies may use part 315 or 752, as appropriate, instead of this part." 5 C.F.R. § 731.203(d) (2007). Ms. Alvarez argues that the agency conducted what she terms a "constructive suitability determination." Contrary to Ms. Alvarez's argument, the administrative judge found that the IRS had terminated Ms. Alvarez's employment under the authority of section 315.805 of the OPM regulations for conditions arising before appointment, and that the agency did not conduct a "constructive" suitability determination.

Ms. Alvarez bolsters her argument that the agency's action was a constructive suitability determination by pointing to a provision of the Internal Revenue Manual that states "an investigation that yields adverse or derogatory information about an applicant or an employee requires a suitability determination." Internal Revenue Manual § 6.731.1.5. She suggests that the Manual provision required that the agency conduct a suitability determination in her case and thus supports her contention that the agency did just that.

We do not find the Manual provision persuasive on this issue. The provision in question is located in a portion of the Manual that deals specifically with suitability

determinations; it indicates that if an investigation yields adverse information about an employee or applicant, a suitability determination should be conducted. The provision does not, however, have the effect of depriving the agency of its authority under the OPM regulations to terminate probationary employees for conditions arising prior to employment, and there is no indication that it was intended to narrow the agency's options in such cases.

To determine whether the agency's action in this case was a suitability determination, the administrative judge weighed the evidence on both sides. In favor of Ms. Alvarez's argument, the administrative judge recognized that the form authorizing her background investigation referred to "Part 731," and that her termination notice used the words "not suitable." The administrative judge acknowledged that those references "could be deemed to implicate" section 731. On the other hand, the administrative judge noted that "[a]ll of the agency officials who testified stated that the decision to terminate the appellant was not a suitability determination," and that a supervisor testified that "her decision to terminate the appellant was primarily based on the appellant's prior conduct during her employment with the State of Maine." The administrative judge also relied on the language of the actual request that Ms. Alvarez be terminated and the proposed termination notice itself. The request that she be terminated referred to "ERG 315.804," and the notice stated, "[t]his is a notice of proposed termination issued in accordance with Part 315.805 of the Office of Personnel Management regulations." On balance, the administrative judge decided that the evidence established that the agency terminated Ms. Alvarez under 5 C.F.R. § 315 and thus that the Board lacked jurisdiction to review the agency's decision as a suitability

determination. We uphold that finding as supported by substantial evidence and therefore sustain the Board's ruling dismissing Ms. Alvarez's "suitability determination" appeal.