## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM ROSA JR.,
        Appellant,

    v.

DEPARTMENT OF DEFENSE,
        Agency.`

DOCKET NUMBER
DC-315H-24-0057-I-1

DATE:  February 24, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

William Rosa Jr., Fayetteville, North Carolina, pro se.

Bryant A. Boohar, Fort Liberty, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review.  We AFFIRM the initial decision as to the claims regarding discrimination based on partisan political reasons, the unconstitutionality of the Board's regulations, and preappointment conditions.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

We FIND that the appellant is not an employee with adverse action rights under 5 U.S.C. chapter 75. We VACATE the initial decision as to the suitability action claim, and we REMAND the appeal to the regional office for further adjudication consistent with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

On petition for review, the appellant argues that his termination was effected as a suitability action[2] and that the agency did not follow the proper procedures for taking such an action under 5 C.F.R. part 731. Petition for Review (PFR) File, Tab 1 at 4-5. Specifically, the appellant asserts that he is entitled to an explanation of the reasons why he was deemed unsuitable. *Id.*

The record presents conflicting information on the legal basis for the appellant's termination. On one hand, the termination Standard Form 50 (SF-50) stated that the legal authority for the termination was "Reg 731.201," which is a reference to the suitability action regulations in 5 C.F.R. part 731, and the termination memorandum explicitly used the term "suitability" in listing the reason for the appellant's termination. Initial Appeal File (IAF), Tab 2 at 4 (informing the appellant that "[his] **suitability check** for Tier 1 Security Clearance was unfavorable") (emphasis in original), Tab 7 at 18. Likewise, a September 19, 2023 "Background Investigation/Suitability" memorandum stated that the appellant "has received an unfavorable suitability adjudication via [Department of Defense Consolidated Adjudication Services] with a

---

[2] At the time of his termination, the appellant was in a probationary period and had only completed approximately 2 months of service in his position. IAF, Tab 1 at 6-7, Tab 2 at 4, 8. His most recent previous Federal employment had concluded several years earlier. IAF, Tab 7 at 21. Employees who have either completed a probationary or trial period or have completed 1 year of current continuous service are entitled to certain procedural rights, including at least 30 days' written notice and a reasonable time to respond in writing, as to significant personnel actions like removals. 5 U.S.C. §§ 7511-7513. The appellant did not meet the definition of "employee" under 5 U.S.C. § 7511. Therefore, he was not entitled to these procedural rights, and he lacks adverse action appeal rights under 5 U.S.C. chapter 75.

determination of Denied – 05 – Not Appointed Based on Suitability/Determination on 8/11/2023." IAF, Tab 2 at 7.

On the other hand, the termination memorandum indicated that "[t]his position requires Tier 1 Security Clearance as a Condition of Employment. As you are unable to obtain/maintain this requirement, you are being separated from the position and Federal Employment." *Id.* at 4. The termination SF-50 also listed "[t]ermination during probationary period" as the reason for the personnel action. IAF, Tab 7 at 18.

The administrative judge concluded that the appellant did not nonfrivolously allege he was subjected to a suitability action under 5 C.F.R. § 731.203(a). IAF, Tab 14, Initial Decision (ID) at 4-5. He credited the termination memorandum's title "Termination During Probationary Period," its statement that the action was taken because of the appellant's failure to meet the conditions of his employment, and the termination SF-50's stated reason for the action. *Id.* The administrative judge acknowledged that the legal basis listed on the termination SF-50 was a regulation governing suitability actions but dismissed it as "not a legally operative document controlling on its face an employee's status and rights." ID at 4 (citing *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010)).

However, it was error to weigh the evidence at the jurisdictional stage. *See Dumas v. Merit Systems Protection Board*, 789 F.2d 892, 893-94 (Fed. Cir. 1986) ("[A]ll that [is] required at th[e] threshold stage [is] that a non-frivolous allegation be made."). The administrative judge cited 5 C.F.R. § 731.203(f) and *Alvarez v. Department of the Treasury*, 298 F. App'x 965, 969 (Fed. Cir. 2008), for the proposition that "a termination during a probationary period is not generally a suitability action, even if it is based on the criteria for making suitability determinations set forth in 5 C.F.R. § 731.202." ID at 4. While this claim may generally be true, it is not sufficient to be dispositive of the issue in this case. Section 731.203(f) states that, if both the suitability action regulations

and 5 C.F.R. parts 315, 359, or 752 could be proper bases for a termination action, the agency may choose which basis to use. Even though the agency had the option of taking the termination action under part 315 in this case, the conflicting information in the record does not make clear under which basis the agency took this action. Furthermore, the U.S. Court of Appeals for the Federal Circuit upheld the Board's finding that the Board lacked jurisdiction to review the agency's decision as a suitability action only after the administrative judge had conducted a hearing. 298 F. App'x at 966, 968-69. As such, we find that before deciding the issue, the administrative judge should have provided the appellant with the opportunity to have a jurisdictional hearing. On remand, the administrative judge shall afford the appellant a jurisdictional hearing regarding whether the termination action was a suitability action or if it was taken on another basis.

Next, the appellant argues that his termination was the result of discrimination based on partisan political reasons. PFR File, Tab 1 at 3-4. The administrative judge concluded that the appellant did not make a nonfrivolous claim regarding discrimination based on partisan political reasons and found no jurisdiction on this basis. ID at 5. The appellant claims that the administrative judge "misread or misinterpreted [his] argument" in this claim. PFR File, Tab 1 at 3-4. The appellant clarifies that he is alleging that the Merit Systems Protection Board, the Office of Personnel Management, the Defense Counterintelligence and Security Agency, and Womack Army Medical Center acted as "oppressive political partisan organization[s]." PFR File, Tab 5 at 3. He states that "these organizations have internal political affiliations that are shielded while probing into others." *Id.* The Board has held that discrimination based on partisan political reasons refers to "discrimination based on affiliation with any political party or candidate." *Harris v. Department of Justice*, 25 M.S.P.R. 577, 579 (1985) (quoting *Sweeting v. Department of Justice*,

6 M.S.P.R. 715, 719 (1981)).  The appellant's claims do not constitute a nonfrivolous allegation of such discrimination based on partisan political reasons.

The appellant also challenges the constitutionality of his lack of appeal rights like those given to 5 U.S.C. § 7511 employees in adverse actions and claims the lack of rights violates the "constitution, [B]ill of [R]ights, and other promoted EEO and EO laws."  PFR File, Tab 1 at 4.  None of these claims are an independent basis of jurisdiction.

Finally, the appellant's initial appeal claimed that he was entitled to procedures for being terminated related to preemployment conditions.  IAF, Tab 1 at 7.  The appellant has not challenged the administrative judge's finding on this issue, and we see no reason to disturb it.  ID at 5; PFR File, Tab 1 at 3-5.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.