# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHASE M. LENTZ,
               Appellant,

        v.

DEPARTMENT OF THE INTERIOR,
               Agency.

DOCKET NUMBER
SF-0752-15-0363-I-1

DATE: January 11, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chase M. Lentz, Fresno, California, pro se.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal alleging that he was constructively discharged from his position as a Botanist. Initial Appeal File (IAF), Tab 1. The record reflects that, on May 15, 2014, the appellant received a letter of reprimand (LOR) based on charges of acting outside the scope of his authority and conduct unbecoming. IAF, Tab 5, Subtab 4e. On November 13, 2014, the appellant received a notice proposing a 14-day suspension, charging him again with acting outside the scope of his authority and conduct unbecoming. *Id.*, Subtab 4d. The appellant responded to the proposed suspension. IAF, Tab 3 at 107-181. In a February 10, 2015 decision, the deciding official sustained both charges and the proposed 14-day suspension penalty, effective February 15, 2015. IAF, Tab 5, Subtab 4c. On February 11, 2015, the appellant notified the agency that he was resigning from his position, effective February 13, 2015. *Id.*, Subtab 4b. The agency processed the appellant's resignation effective February 13, 2015, which stated the reason for his resignation as: "I have been subjected to many acts of harassment and a hostile work environment, that has severely aggravated an illness and disabilities. Circumstances were so intolerable that I needed to resign." *Id.*, Subtab 4a.

¶3    Because it appeared that the Board may not have jurisdiction over the appellant's claim that his resignation was involuntary, the administrative judge issued an order informing the appellant that a resignation is presumed to be voluntary and that, unless he alleged that his resignation was the result of duress, coercion, or misrepresentation by the agency, his appeal would be dismissed. IAF, Tab 2 at 2-3. The administrative judge ordered the appellant to provide evidence and argument amounting to a nonfrivolous allegation that the Board has jurisdiction over his claim of an involuntary resignation. *Id*. at 4. In response, the appellant submitted numerous documents and argued that his resignation was coerced because the agency brought unjustifiable charges in support of its reprimand and 14-day suspension. IAF, Tabs 3, 6. The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the appellant failed to raise a nonfrivolous allegation that his resignation was involuntary. IAF, Tab 4. After considering the appellant's responses, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing, finding that the appellant failed to nonfrivolously allege that a reasonable person in his position would have felt compelled to resign due to coercive or improper acts by the agency. Initial Decision (ID) at 9.

¶4    The appellant has filed a petition for review in which he alleges, inter alia, that he resigned to avoid a threatened adverse action that the agency knew or should have known could not be substantiated and that his other avenues of redress have been fruitless, such as filing an equal employment opportunity complaint, Office of Special Counsel (OSC) complaints, a USERRA[2] appeal, and grievances. Petition for Review (PFR) File, Tab 1. The agency did not file a response.

¶5    The appellant bears the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Parrott v. Merit Systems Protection Board*,

---

[2] Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333).

519 F.3d 1328, 1332 (Fed. Cir. 2008); 5 C.F.R. § 1201.56(a)(2).  An employee's resignation is presumed to be a voluntary action and, as such, is not within the Board's jurisdiction.  *Thomas v. Department of Housing & Urban Development*, 63 M.S.P.R. 649, 656 (1994).  The Board will afford an appellant a hearing on jurisdiction over the appeal of an alleged involuntary resignation if the appellant makes a nonfrivolous allegation of fact that would rebut the presumption of voluntariness.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).  A nonfrivolous allegation is one that, if proven, establishes a prima facie case that the appellant's resignation was involuntary.  *Dumas v. Merit Systems Protection Board*, 789 F.2d 892, 893-94 (Fed. Cir. 1986).  The presumption that a resignation is voluntary can be rebutted by evidence showing that the resignation was the result of agency misrepresentation, coercion or duress.  *Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574-75 (Fed. Cir. 1983).

¶6      Here, the appellant asserts on review that the agency "has been taking unsubstantiated, escalating disciplinary actions against me and has expressed their desire to terminate me."  PFR File, Tab 1 at 9.  The appellant asserts that the administrative judge erred in finding that the LOR and the 14-day suspension had not constituted improper acts or otherwise created intolerable working conditions. *Id*. at 12.  The appellant contends that the "unjustified escalating disciplinary actions would have led to other unjustified adverse actions resulting in my removal."  In this regard, he asserts that he had heard rumors that his supervisor had stated she was going to remove him and he contends that it was wrong for the agency to threaten him with a baseless adverse action.  *Id.*

¶7      The test for determining whether a resignation was the result of coercion is whether:  (1) the appellant involuntarily accepted the agency's terms; (2) the circumstances permitted no other alternative; and (3) the circumstances were the result of the agency's coercive acts.  *Edgerton v. Merit Systems Protection Board*, 768 F.2d 1314, 1316-17 (Fed. Cir. 1985); *Barnett v. U.S. Postal Service*,

59 M.S.P.R. 125, 127-28 (1993).  The fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential removal action does not rebut the presumed voluntariness of his ultimate choice of resignation. *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987).  However, inherent in such a proposition is the presumption that the agency had "reasonable grounds for threatening to take an adverse action."  *Id*.  If the appellant can show that the agency knew that the reasons for the threatened removal could not be substantiated, the action would be purely coercive and would render his resulting resignation involuntary, thereby making his appeal within the Board's jurisdiction and entitling him to reinstatement.  *See Barthel v. Department of the Army*, 38 M.S.P.R. 245, 251 (1988).  To make this showing, the appellant must do more than merely rebut the agency's reasons for the threatened action.  *See id*.

¶8          Here, there is no evidence that the agency imposed the terms of the resignation.   Further, the administrative judge thoroughly considered the appellant's claim that his resignation was coerced.  ID at 5-20.  As the administrative judge correctly found, the appellant did not explain why he did not continue to challenge the 14-day suspension action by filing a grievance or a discrimination complaint, instead of resigning before it went into effect, since he already had filed a discrimination complaint over the proposed action.  ID at 9.  The administrative judge also correctly found that the appellant failed to adequately explain why the LOR had been a factor compelling him to resign, since it had occurred over 8 months prior to his resignation, and he previously had filed an OSC complaint and a discrimination complaint contesting it.  *Id*.  While the appellant challenges the administrative judge's finding that he failed to nonfrivolously allege that there was a complete lack of support for the LOR and 14-day suspension by continuing to argue that the agency's actions were unsubstantiated, we agree with the administrative judge that the appellant has failed to make a nonfrivolous allegation that the agency knew or should have known that the LOR and 14-day suspension could not be substantiated.

Moreover, as to the appellant's claim that his supervisor allegedly stated that she was going to remove him, the agency had not proposed his removal at the time of the resignation, and mere conjecture of an adverse action does not constitute coercion or duress on the part of the agency. *Holman v. Department of Treasury*, 9 M.S.P.R. 218, 220 (1981), *aff'd*, 703 F.2d 584 (Fed. Cir. 1982) (Table).

¶9    The appellant also argues that he was subjected to a hostile work environment and that he resigned because the agency created unreasonably difficult working conditions by setting forth, in both the LOR and the notice of proposed suspension, impossible work expectations that were meant to punish him and justify future disciplinary actions. PFR File, Tab 1 at 13-14. Intolerable working conditions may render an action involuntary when, under all the circumstances, the working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to absent himself from the workplace. *Wright v. Department of Veterans Affairs*, 85 M.S.P.R. 358, ¶ 25 (2000). Thus, the appellant has to show that a reasonable person would have felt that there was a causal connection between all of the circumstances, including those incidents that were remote in time, and his resignation. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 26 (2000).

¶10   In this case, the administrative judge found that the appellant failed to nonfrivolously allege that the agency's issuance of these expectations constituted an improper act or otherwise created intolerable working conditions that gave him no realistic alternative but to resign. ID at 10-14. The administrative judge noted that the appellant stopped coming to work and was on leave from November 14, 2014, until his resignation and that he failed to adequately explain why management's expectations would have made him feel he needed to resign as he had not been performing his duties for the 3 months preceding his resignation. ID at 13. Further, the administrative judge properly found that the appellant failed to nonfrivolously allege that the agency created working conditions so difficult that

a reasonable person in his position would have felt compelled to resign. ID at 14-17.

¶11 The appellant also asserts that the administrative judge erred by dismissing incidents remote in time to his resignation, i.e., the LOR, or his nonselection to various agency positions. However, even where the Board has expressly set forth the totality of the circumstances test or cited to *Heining v. General Services Administration*, 68 M.S.P.R. 513 (1995), which applies that test, the Board has found that, under certain circumstances, events may be too remote in time to have affected a reasonable person's decision to resign. *See Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (5 months' lapse of time undercuts the appellant's assertion that working conditions were intolerable) (citing *Terban v. Department of Energy*, 216 F.3d 1021, 1025 (Fed. Cir. 2000) (discussing that evidence that a relatively short period of time elapsed between the alleged coercion and the employee's resignation is probative of involuntariness)); *Bates v. Department of Justice*, 70 M.S.P.R. 659, 663-66 (1996) (finding that an incident that occurred approximately 2 years prior to the employee's resignation was too remote in time to have caused her to resign and to have rendered her resignation involuntarily). Here, the administrative judge found that the appellant failed to adequately explain how the issuance of the May 15, 2014 LOR, or the work expectations within that LOR, created intolerable working conditions that caused him to resign on February 11, 2015, 9 months later, especially in light of the fact that he had taken leave and was not performing the expectation/duties of his position for the 3 months prior to his resignation. ID at 9. As to his nonselection to positions in May 2012, November 2013, and April 2014, the administrative judge found that, while the appellant felt disappointment over his nonselections, the appellant failed to nonfrivolously allege why such disappointment would cause him to resign. ID at 15.

¶12 Although the appellant disagrees with the administrative judge's determination that he has failed to adequately explain why these events compelled

him to resign, the applicable law and the record evidence support the administrative judge's determination that the appellant failed to make a nonfrivolous allegation that a reasonable person would have felt that there was a causal connection between all of the circumstances, including those incidents that were remote in time, and his resignation.  ID at 5-20.  Therefore, we discern no reason to disturb these explained findings.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶13    To the extent the appellant contends that he had to resign because his other avenues of redress have proven to be fruitless, the fact that other avenues of redress may have involved protracted procedures or may have been unsuccessful does not establish that his choice to resign was involuntary.  *See Schultz*, 810 F.2d at 1136-37; *see also Musone v. Department of Agriculture*, 31 M.S.P.R. 85, 89 (1986) (determining that an appellant's retirement in order to obtain an annuity and avoid the financial pressures facing him if he opposed the removal action does not establish coercion), *aff'd*, 818 F.2d 876 (Fed. Cir. 1987) (Table).

¶14    Finally, the appellant asserts on review that he was subjected to a constructive suspension when the agency denied his reasonable accommodation requests and forced him to take leave.  PFR File, Tab 1 at 29.  First, to the extent that the appellant, by this argument, is disagreeing with the administrative judge's determination that the appellant failed to nonfrivolously allege that he was coerced into resigning because of the agency's discriminatory or retaliatory actions, ID at 18-19, we must disagree.  Second, while the appellant asserted below that his use of sick leave was a result of a hostile work environment, he did not argue that he was constructively suspended during this period of time.  IAF, Tabs 1, 3, 6.  Thus, he raises this argument for the first time on review.  Because the appellant has made no showing that this argument is based on new and

material evidence not previously available despite his due diligence, we have not considered it. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Accordingly, we conclude that the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:　　　　　　　　_____
　　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.