# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GABRIEL P. GARCIA,
                Appellant,

        v.

DEPARTMENT OF HOMELAND
   SECURITY,
                Agency.

DOCKET NUMBER
SF-0752-16-0491-I-1

DATE: September 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Henry E. Leinen, Pacific Grove, California, for the appellant.

Elio Gonzalez, Long Beach, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of an allegedly involuntary demotion. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant occupied a GS-12 Customs and Border Patrol (CBP) Officer position subject to a Training/Employment Agreement.  Initial Appeal File (IAF), Tab 10 at 66.  Pursuant to that agreement, the appellant was required to attend and complete 18 weeks of training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia.  *Id.* at 75.  Failure to successfully complete training was grounds for removal.  *Id.*  The appellant attended FLETC and, while he was there, he attended a Student Appreciation Day and consumed alcoholic beverages provided by FLETC as part of the event's refreshments.  After consuming alcohol, the appellant created an incident that took security personnel more than an hour to break up.  FLETC conducted an investigation and decided to expel the appellant, but it later mitigated the expulsion to a "removal," which meant that he was not precluded from returning to FLETC to complete his training in the future.  *Id.* at 60, 62-64.

¶3      The agency denied the appellant's request to return to FLETC to complete his training, and it denied his request to be reinstated to the Border Patrol Officer position he held prior to his reassignment to the CBP Officer position.  *Id.* at 44-45, 55-59. The agency instead offered the appellant a GS-

0303-07, step 10 Mission Support Assistant position and informed him that he had 8 days to consider the offer. *Id.* at 41-42. The agency informed the appellant that, if he declined the offer, the agency could begin proceedings to separate him from the Federal service. *Id.* The appellant accepted the position, *id.* at 42, and the demotion was effective May 15, 2016, *id.* at 37.

¶4        Thereafter, he appealed the demotion, but primarily contested the agency's decision not to allow him to return to complete the training. IAF, Tab 1. The administrative judge informed the appellant that he appeared to be appealing a voluntary action outside the Board's jurisdiction and she ordered him to submit evidence and argument showing that his demotion was involuntary. IAF, Tab 3. After considering the parties' evidence and argument, the administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction warranting a jurisdictional hearing. Initial Decision (ID) at 5-9. She therefore dismissed the appeal for lack of jurisdiction. ID at 1, 9. The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1.

¶5        The appellant's primary argument is that his removal from the training program at FLETC was an appealable adverse action undertaken without affording him due process. *Id.* at 4; IAF, Tab 9 at 5-6. He further contends that he does not bear sole responsibility for his actions on Student Appreciation Night because FLETC was negligent in providing alcohol and supervising its consumption. PFR File, Tab 1 at 4; IAF, Tab 9 at 5. An appealable adverse action is either a removal from Federal service, a suspension for more than 14 days, a reduction in grade and/or pay, or a furlough of 30 days or less. 5 U.S.C. § 7512. Congress did not see fit to include the ejection from a training program on the list of actions that are appealable to the Board.

¶6        While demotions might be within the Board's jurisdiction, a reduction in grade that an employee accepts voluntarily is not. *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010); *McAlexander v. Department of Defense*, 105 M.S.P.R. 384, ¶ 8 (2007). However, an appellant may establish that

his acceptance of a reduction in grade was involuntary, and thus within the Board's jurisdiction, by presenting sufficient evidence that it was the result of duress or coercion brought on by the agency, or his reasonable reliance on misleading statements by the agency. *Harris*, 114 M.S.P.R. 239, ¶ 8; *Reed v. U.S. Postal Service*, 99 M.S.P.R. 453, ¶ 12 (2005), *aff'd*, 198 F. App'x 966 (Fed. Cir. 2006). If the appellant can establish that he accepted a reduction in pay or grade to avoid a threatened removal, and if he can further show that the agency knew or should have known that the action could not be substantiated, then the decision to accept the demotion in lieu of removal may be considered coerced and therefore involuntary. *Harris*, 114 M.S.P.R. 239, ¶ 8; *McAlexander*, 105 M.S.P.R. 384, ¶ 8; *Huyler v. Department of the Army*, 101 M.S.P.R. 570, ¶ 5 (2006); *Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 6; *O'Connell v. U.S. Postal Service*, 69 M.S.P.R. 438, 443 (1996).

¶7        The appellant's only claim of involuntariness is one of coercion. He contended that whenever an employee accepts a lower-graded position in the face of a proposed or threatened adverse action, the resulting demotion is coerced. IAF, Tab 12 at 4. This argument reflects a misunderstanding of the law.

¶8        The Board's jurisdiction and the merits of an alleged involuntary separation are inextricably intertwined. *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987); *Dumas v. Merit Systems Protection Board*, 789 F.2d 892, 894 (Fed. Cir. 1986); *Barthel v. Department of the Army*, 38 M.S.P.R. 245, 251 (1988). The fact that an employee is faced with unpleasant alternative choices does not rebut the presumed voluntariness of the ultimate choice of accepting a downgrade. *Schultz*, 810 F.2d at 1136; *Christie v. United States*, 518 F.2d 584, 587-88 (Cl. Ct. 1975); *Barthel*, 38 M.S.P.R. at 251. Inherent in that proposition, however, is that the agency "has reasonable grounds for threatening to take" a proposed action. "If an employee can show that the agency knew that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive." *Schultz*, 810 F.2d at 1136; *Barthel*, 38 M.S.P.R. at 251.

¶9    At the time the appellant accepted the Mission Support Assistant position, the agency had not proposed any adverse action against him, although it had warned him that it might do so if he declined the agency's offer.  In other words, the agency did not know whether it would eventually propose removal or some lesser action, and it had a number of possible charges it could bring, but had not yet decided what those charges might be.  Because we do not know what the potential future charges might be, there is no way to evaluate whether the agency knew or should have known that the charges could not be substantiated.  Moreover, we agree with the administrative judge's conclusions that the appellant had meaningful choices available to him, that the appellant failed to show that the agency committed wrongful actions that deprived him of his freedom of choice, and that the agency had not provided any misinformation that the appellant relied on to his detriment.  ID at 5-8.  Therefore, even giving the appellant the benefit of the doubt, he has not made a nonfrivolous allegation that his acceptance of the downgrade was involuntary, and so we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: 				_____
					Jennifer Everling
					Acting Clerk of the Board

Washington, D.C.