**James W. DUMAS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 85–2134.**

United States Court of Appeals, Federal Circuit.

April 25, 1986.

Clement T. Cooper, Washington, D.C., argued, for petitioner.

---

Stephanie Conley, Merit Systems Protection Bd., Washington, D.C., argued, for respondent; with her on brief were Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation and Marsha E. Mouyal, Reviewer for Litigation.

Before BALDWIN, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

James W. Dumas appeals the decision of the Merit Systems Protection Board (MSPB) that summarily dismissed his appeal on the basis that he had not sustained his burden of proof on the issue of the Board's jurisdiction. We vacate the decision, and remand for an evidentiary hearing on the question of jurisdiction.

*Background*

On May 25, 1983 Mr. Dumas received a decision letter from the Department of Agriculture (agency) stating that he would be removed from the federal service on June 3, 1983 for unacceptable performance, and advising him of his right to appeal to the MSPB within twenty days of the effective date of the action. On June 2, 1983 petitioner signed and delivered to the agency's personnel officer Standard Form 52, the standard form for an employee's resignation and other purposes. In the space provided for the employee to state his reason for resigning, Mr. Dumas had crossed out the word "resignation" and had written "retirement", adding:

> Request retirement. Retirement is involuntary as a result of Notice of Removal issued by USDA dated May 25, 1983; with effective date of June 3, 1983. Notice and action is subject to Appeal before MSPB.

In the space on the form for the employee to state the effective date of the resignation, Mr. Dumas again crossed out "resignation" and wrote that his "retirement" would be effective "3 hours after BOB [beginning of business] June 3, 1983". Mr.

Dumas explains that the agency's personnel officer would not accept the form without the word "resignation", so Mr. Dumas wrote "resignation/retirement" where he had previously written "retirement". Four days later Mr. Dumas filed a "Change Action Notice". This document shows in the space headed "Description" the words "Resignation—ILIA", and repeats his previous statements concerning involuntary retirement and his reservation of appeal rights. The agency processed the resignation, and did not treat the separation as an adverse removal action.

On June 6, 1983 the MSPB received Mr. Dumas' appeal from the removal action, signed on June 2, 1983, one day before the effective date of his "resignation/retirement". The agency moved to dismiss the appeal on the basis that Mr. Dumas had voluntarily resigned, and by order to show cause both sides provided written argument and documentation on the issue. The presiding official viewed the issue to be whether Mr. Dumas had "presented a non-frivolous allegation that his resignation/retirement was wrongfully coerced by the agency", citing *McGowan v. International Communications Agency*, 7 MSPB 411, 7 M.S.P.R. 569 (1981). On the written record, she concluded that Mr. Dumas had failed to raise a non-frivolous allegation of involuntariness and dismissed his appeal. The MSPB subsequently denied his petition for review, for failure to meet the criteria of 5 C.F.R. § 1201.115.

*Discussion*

The dispositive issue is whether Mr. Dumas had made a "non-frivolous allegation" of involuntariness. In deciding this threshold question the presiding official looked at not only Mr. Dumas' allegations, but at the counter-allegations of the agency, all as presented in the documentary record. In sum, the presiding official weighed evidence, resolved conflicting assertions, and found facts, from which the official concluded that involuntariness had not been proven by Mr. Dumas.

■ However, all that was required at that threshold stage was that a non-frivolous allegation be made: that is, did Mr. Dumas allege facts which if proven could make a prima facie case of involuntariness? *Burgess v. Merit Systems Protection Board,* 758 F.2d 641, 643 (Fed.Cir.1985); *cf. Stokes v. Federal Aviation Administration,* 761 F.2d 682, 685–86 (Fed.Cir.1985). Such an allegation can, we agree with the agency, be disposed of summarily on a documentary record in appropriate cases. *See Manning v. Merit Systems Protection Board,* 742 F.2d 1424 (Fed.Cir.1984). But, if the alleged facts are sufficient to support a prima facie case of involuntariness, the issue can not be summarily determined adversely; the petitioner is entitled to an evidentiary hearing on the issue, as discussed in *Manning,* 742 F.2d at 1428:

> [I]t would be appropriate for the MSPB to honor a request for hearing where a petitioner's allegations raise nonfrivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence.

■ The MSPB failed to follow this procedure. The presiding official reviewed the often-conflicting allegations of both sides, made findings thereon, and then applied to her findings the following three-part test for involuntary action:

> (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party.

*Leone v. United States,* 204 Ct.Cl. 334, 339 (1974), *quoting Fruhauf Southwest Garment Co. v. United States,* 111 F.Supp. 945, 951, 126 Ct.Cl. 51, 62 (1953). As petitioner alleged no facts establishing duress or coercion under the *Leone* test, she found that his resignation was voluntary.

Coercion is not the exclusive test for involuntary action. This court has also held that "[a] resignation or retirement is involuntary if it is obtained by agency misinformation or deception." *Covington v. Department of Health and Human Ser-*

*vices,* 750 F.2d 937, 942 (Fed.Cir.1984). The measure is whether "a reasonable person would have been misled by the agency's statements". *Scharf v. Department of the Air Force,* 710 F.2d 1572, 1575 (Fed. Cir.1983).

The government argues that the issue of voluntariness is not properly on appeal, because the presiding official should not have ruled on this issue. The reason for this, according to the government, is that Mr. Dumas had failed to allege coercion before the presiding official, and therefore could under no circumstances have raised a non-frivolous allegation of involuntariness. Under this view, the presumption of voluntariness could not have been rebutted, no matter what the factual circumstances. This circuitous reasoning is not the law. It is established that erroneous advice by the agency can rebut the presumption of voluntariness, and that such evidence must be considered. *Covington, supra.*

Mr. Dumas had asserted by affidavit that he received equivocal advice from his agency, and unequivocal advice from both the MSPB and the OPM, from which he concluded that he could "resign/retire" and still preserve his appeal rights. The agency had presented the statement of Caryl B. Taylor of the agency's personnel office, that "Mr. Dumas said he ... understood that I was telling him that it [the filing of the SF–52] would probably result in his not having appeal rights". Mrs. Taylor also stated that "I pointed out to Mr. Dumas that his indication he had the right to appeal on the SF–52 did not necessarily protect the appeal right. He said he had been told by someone in another agency that it would."

The presiding official concluded that Mr. Dumas had not demonstrated involuntariness by a preponderance of the evidence. However, this conclusion required resolution of conflicting statements as to the advice given. Unlike *Manning,* which held that the petitioner was not entitled to an evidentiary hearing on the issue of involuntariness when there were no contested issues of fact, Mr. Dumas raised legally suf-

ficient factual issues that required resolution.

The right to an evidentiary hearing on the merits of a removal action is established by statute. 5 U.S.C. § 7701(a)(1). In this matter, where jurisdiction and substance are inextricably intertwined, Mr. Dumas to establish jurisdiction must prove involuntariness on its merits. As stated in *Burgess:*

> An involuntary resignation is a removal ... and as such the issue of jurisdiction is intertwined with the merits of an action.... It is this connection with the merits of an appeal which prompts the need for a hearing.

> [This court has] adhered to principles of law which pre-dated the Civil Service Reform Act of 1978, i.e, an employee is entitled to a hearing before the board on the appealable issue of involuntary resignation....

758 F.2d at 643. We remand for the purpose of such a hearing.

VACATED AND REMANDED.