918 F.2d 187
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William C. WOBSCHALL, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 90-3262.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1990.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (Board) in docket No. SF07528910359, dismissing the appeal for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 1. Following the Air Force's removal of the petitioner from his position in October 1987, the petitioner elected to grieve the removal through the negotiated grievance procedure under the collective bargaining agreement between his employer and his union (negotiated agreement). The grievance resulted in a settlement agreement under which the Air Force agreed to reinstate the petitioner and to take various administrative actions regarding his employment, and the petitioner agreed immediately to request leave without pay (which the Air Force agreed to grant) and to resign no later than February 1, 1989. The agreement provided that if either party breached it, "the remedy" was "to seek enforcement ... by directly requesting arbitration on enforcement, in accordance with [the arbitration procedures in the negotiated agreement]." The negotiated agreement provided that only the union or the employer could institute arbitration.
 
 
 3
 On February 1, 1988, the petitioner submitted his resignation. By letters dated January 25, 1989 and January 30, 1989, the petitioner informed his union of an alleged breach of the settlement agreement by the Air Force and requested the union to initiate arbitration. The union reviewed the matter twice and declined to submit the case to arbitration due to "insufficient evidence" of breach.
 
 
 4
 On February 17, 1989, the petitioner filed an appeal with the Board, alleging that his resignation was involuntary because the Air Force had not performed its obligations under the settlement agreement. The administrative judge dismissed the appeal for lack of jurisdiction. The administrative judge noted that the petitioner had the option, under 5 U.S.C. Sec. 7121(e)(1), to appeal his removal through either the Board or the negotiated grievance procedure, but not both, and held that by electing the negotiated procedure, the petitioner relinquished his right to appeal to the Board.
 
 
 5
 The Board affirmed. It first upheld the administrative judge's ruling that, to the extent the appeal challenged the petitioner's removal, it was beyond the Board's jurisdiction. Noting that the appeal could be viewed as an attempt to seek compliance with the settlement agreement, the Board next concluded that it lacked jurisdiction to enforce the agreement because the agreement was not made part of the Board record. Finally, the Board concluded that to the extent the appeal could be viewed as an appeal of an involuntary resignation, the Board had no jurisdiction because the petitioner "has failed to establish that the agency obtained his retirement through coercion, misinformation, or deception." The Board noted that although it had held resignations to be involuntary where the agency did not comply with a settlement, the instant case differed in that "the agreement in question ... evolved from appellant's election to grieve his action through the negotiated procedure, and because the appellant knew of the agency's alleged breach of the [settlement] agreement before he tendered his resignation."
 
 
 6
 2. We agree with the Board that the petitioner "has neither established that his resignation was involuntary, nor proffered a nonfrivolous allegation of involuntariness that would entitle him to a hearing." The petitioner concedes that he has not established that the Air Force obtained his resignation through coercion, misinformation or deception. The petitioner has failed to "allege facts which if proven could make a prima facie case of involuntariness," Dumas v. M.S.P.B., 789 F.2d 892, 894 (Fed.Cir.1986), i.e., he has failed to state any facts relating to the Air Force's alleged breach of the settlement agreement. Although the petitioner attempts to justify this failure on the ground that the administrative judge told him not to discuss the "merits of his case" in his response to the issue of the Board's jurisdiction, this argument is unpersuasive because the Board's jurisdiction necessarily turned on the merits and therefore required the petitioner to address them; the Board had jurisdiction only if the petitioner's resignation was involuntary.
 
 
 7
 Moreover, as the Board indicated, the petitioner knew of the Air Force's alleged breach of the agreement before he tendered his resignation. As the Board stated, the petitioner "conceded that he had the alternative of not submitting his resignation in light of the [Air Force's] failure to honor its obligations under the agreement. Instead, he chose to tender his resignation and attempt to seek recourse, rather than not fulfill his obligations under the agreement." In these circumstances, the petitioner's resignation was voluntary, without regard to whether the Air Force breached the settlement agreement.