965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William P. MAHER, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 90-3254.
 United States Court of Appeals, Federal Circuit.
 April 16, 1992.
 
 Before LOURIE, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a final decision of the Merit Systems Protection Board (MSPB).[1] The issue was whether the retirement of William P. Maher (Maher) was voluntary or involuntary. The MSPB held that Maher's retirement was voluntary and the board dismissed Maher's appeal for lack of jurisdiction. We AFFIRM.
 
 Facts
 
 2
 Maher served in the United States Navy from 1954 to 1957, and then began working for the United States Army on January 19, 1966 as a civilian employee at the Corpus Christi Army Depot. On September 24, 1986, while employed at the Corpus Christi Army Depot, Maher suffered a back injury for which he received treatment and medications. He also took medications for hypertension and anxiety. Dr. Barnes advised Maher to stay under medical supervision for his back injury, and concluded that he could safely return to his work in Quality Assurance. Dr. Oliveira saw Maher for the anxiety and hypertension, and advised him that he could return to work but that he should seek a transfer to another job to cut down on stress. Maher applied for and received a transfer to another job. The transfer would have put Maher in a job much like the one he had in Quality Assurance. This was apparently not what Maher had in mind, and based on a conversation with his would-be supervisor at the new location, Maher turned the job down. Subsequently, Maher filed for and received an immediate retirement which became effective on February 5, 1988.
 
 
 3
 Maher then filed an appeal with the MSPB on June 19, 1989 alleging that the retirement was involuntary. In its initial decision, issued October 18, 1989, the MSPB held that the retirement had been voluntary and that the MSPB therefore lacked jurisdiction over Maher's appeal. The appeal was dismissed, and the initial decision became final on February 28, 1990. Maher asks this court to find that the MSPB did not lack jurisdiction to hear his appeal.
 
 Issue
 
 4
 This court's review of MSPB decisions is limited, and the decision must be affirmed unless it is found to be:
 
 
 5
 "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence ..."[2]
 
 
 8
 The central issue in this appeal is whether the MSPB abused its discretion in determining that it lacked jurisdiction over Maher's appeal because he had voluntarily retired. Whether articulated as an inquiry into "abuse of discretion" or as to "substantial evidence", the former may be the appropriate focus here because of the necessity for this court to review independently the entire record; but in either case, the appeal must fail.[3]
 
 Voluntary vs. Involuntary Retirement
 
 9
 The MSPB has jurisdiction to hear appeals of removal actions taken against employees of the United States.[4] Conversely, a voluntary action taken by an employee is not included in the jurisdiction of the MSPB.[5] While an employee retirement or resignation is presumed to be voluntary,[6] an involuntary retirement is tantamount to a removal action and a non-frivolous allegation on the involuntariness of the retirement warrants a hearing on that issue.[7] To be entitled to a hearing on his claim, Maher had to allege to the MSPB facts which, if proved true, would make a prima facie case of involuntariness.[8]
 
 
 10
 A retirement will be considered involuntary if it is the result of coercion, duress, or agency deception or misinformation.[9] The test for determining a coerced retirement is that the employee involuntarily accepted agency conditions, the circumstances permitted no other alternative, and the circumstances were created by agency acts.[10] The burden of proof is upon the petitioner to show by a preponderance of the evidence that the retirement was involuntarily procured.[11]
 
 
 11
 Maher contends here on appeal that the Army "rushed" him into making retirement decisions that he was not mentally equipped to make. The opinion of the MSPB cited Maher's fear of a negative rating of his job performance as one factor that Maher felt put pressure on him. In his informal brief, Maher flatly denies that he feared a negative rating and in fact continued to receive good ratings of his job performance. Maher has therefore admitted that he was not threatened with negative performance ratings. Maher offered no other facts to the MSPB demonstrating pressure, duress, or coercion by the Army, which would support his contention that he was "rushed" into a retirement decision. Thus, we find no basis in the record for the claim that Maher was pressured into making a premature decision.
 
 
 12
 Maher also maintains that the medications prescribed for his back problems, anxiety, and hypertension compromised his mental ability to reason and understand. He claims that his mental faculties were crippled to the point that his decision to retire was involuntary. He also claims that it was up to his supervisors to help him in his mentally unbalanced state. For several reasons, these allegations are not supported by the record. His own doctors evaluated him as being able to return safely to work after his injury. In addition, Maher continued to receive good ratings of his work performance even after returning from his injury. Maher also alleged no facts which would suggest that the Army knew of his alleged weakened state, or that the Army used his compromised condition against him. In other words, there is nothing in the record to suggest that the Army took advantage of Maher.
 
 
 13
 Maher also contends that his supervisors would not find another job for him at the Corpus Christi Army Depot. This is another contention that is not supported by the record. In fact, his supervisors did find other work for him, but Maher turned it down. The fact that a person is faced with unpleasant alternatives is not a valid basis for an involuntary removal claim.[12] Here, Maher's alternatives included: staying at his position in Quality Assurance, trying the new job to see what it was like for himself, or retiring from his work with the Army. Maher's claim that his supervisors would not find other work for him is unfounded.
 
 
 14
 On this record Maher is unable to show by a preponderance of the evidence that he involuntarily retired. Maher has not shown that he involuntarily accepted agency conditions, nor has he shown that there was no other alternative, nor has he shown that the Army created the adverse conditions. The allegations by Maher likewise fail to show misrepresentations or deception on the part of his supervisors or the Army.
 
 Conclusion
 
 15
 Maher had his opportunity to place before the MSPB a record supporting a prima facie case of involuntariness. He did not do so. This court's review must be confined to the record before the MSPB. On the record before it, the MSPB was correct in dismissing the appeal. The decision of the MSPB is affirmed.
 
 
 
 [1]
 See MSPB No. DA07528910455 (February 28, 1990)
 
 
 [2]
 5 U.S.C. § 7703(c) (1988). Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984)
 
 
 [3]
 "The standard in these cases is broadly referred to as the 'substantial evidence' rule, perhaps because in the hundreds of statements of the applicable standard, not all of which have included every element summarized above, the element of 'substantial evidence' is least (and perhaps never) omitted." Heisig v. United States, 719 F.2d 1153, 1156 (Fed.Cir.1983)
 
 
 [4]
 5 C.F.R. § 752.401(a)(1) (1991)
 
 
 [5]
 Id. at § 752.401(b)(9)
 
 
 [6]
 Christie v. United States, 518 F.2d 584, 587 (Ct.Cl.1975)
 
 
 [7]
 Ward v. Dep't of the Navy, 22 M.S.P.R. 441, 443 (1984)
 
 
 [8]
 Dumas v. Merit Systems Protection Bd., 789 F.2d 892, 894 (Fed.Cir.1986)
 
 
 [9]
 Scharf v. Dep't of the Air Force, 710 F.2d 1572, 1574 (Fed.Cir.1983)
 
 
 [10]
 Edgerton v. Merit Systems Protection Bd., 768 F.2d 1314, 1317 (Fed.Cir.1985)
 
 
 [11]
 5 C.F.R. § 1201.56(a)(2) (1991). A preponderance of the evidence is defined at subsection (c)(2) as "that degree of relevant evidence that a reasonable person, considering the evidence as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue."
 
 
 [12]
 Covington v. Dep't of Health & Human Services, 750 F.2d 937, 942 (Fed.Cir.1984)