975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ralph DAY, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 92-3217.
 United States Court of Appeals, Federal Circuit.
 July 22, 1992.
 
 Before MICHEL and LOURIE, Circuit Judges, and RESTANI, Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner, Ralph Day, seeks review of the decision of the Merit Systems Protection Board ("MSPB" or "Board"), Docket Number DEO7529010502, which affirmed and modified the initial MSPB decision and dismissed the appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Mr. Day was employed as a Loan Specialist for the Department of Housing and Urban Development ("HUD") in Denver, Colorado. On March 27, 1987, he received a "Thirty-Day Notice of Opportunity to Improve Work Performance." On April 30, 1987, he received a "Notice of Proposed Removal," and on August 21, 1987, a "Decision Notice," stating that he would be terminated effective October 9, 1987. The reason for the termination was unacceptable work performance. Mr. Day retired on October 3, 1987.
 
 
 3
 Mr. Day filed a complaint with HUD, alleging constructive discharge and age and gender discrimination. HUD issued a final agency decision finding no discrimination; the decision notified Mr. Day of his right to appeal to the Equal Employment Opportunity Commission ("EEOC"). Mr. Day filed an appeal with the EEOC; the EEOC found that the case should first be addressed by the MSPB because a constructive discharge had been alleged.
 
 
 4
 On September 5, 1990, Mr. Day filed an appeal with the MSPB. On December 21, 1990, the MSPB issued an initial decision, dismissing the appeal for lack of jurisdiction, and finding no evidence of age discrimination.[1] The MSPB's jurisdictional determination was based on its finding that Mr. Day failed to demonstrate his retirement was involuntary. On November 7, 1991, the full Board denied Mr. Day's petition for review because it did not meet the criteria for review set forth in the regulations. See 5 C.F.R. § 1201.115 (1991). On its own motion, however, the Board reopened the case and modified the decision, affirming on the ground of lack of jurisdiction. This appeal followed.
 
 
 5
 The MSPB has jurisdiction to determine challenges to specific categories of adverse agency action, including removals. Cruz v. Dep't of Navy, 934 F.2d 1240, 1243 (Fed.Cir.1991); see 5 U.S.C. § 7512 (1988). The Board has no jurisdiction over appeals by employees who have voluntarily resigned or retired, but the Board has jurisdiction in cases of "constructive removal." See Cruz, 934 F.2d at 1244. Employee resignations or retirements are presumed to be voluntary. Id. An employee who makes a nonfrivolous allegation that a retirement was involuntary is entitled to a hearing, if the issues cannot be resolved based on the submissions. Dumas v. Merit Sys. Protection Bd., 789 F.2d 892, 894 (Fed.Cir.1986). The employee has the burden of proving jurisdiction by a preponderance of the evidence; in a hearing on the jurisdictional issue, the employee must proceed first. 5 C.F.R. §§ 1201.56(a)(2)(i), 1201.57(b)(1) (1991).
 
 
 6
 In addition, a resignation is not involuntary simply because the employee faces the choice of resignation or removal for cause. Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987). In such cases, a resignation will only be deemed coerced if the employee demonstrates that the agency knew or believed the threatened removal could not be substantiated. Id.; Christie v. United States, 518 F.2d 584, 588 (Fed.Cir.1975).
 
 
 7
 The MSPB's decision will be affirmed unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Here, the MSPB's determination that it lacked jurisdiction was proper. Mr. Day retired from his position, and his claim that his retirement was coerced is not persuasive. Thus, the finding that his retirement was voluntary is supported by substantial evidence. Mr. Day's argument that jurisdiction was established and should not have been an issue at the hearing is without merit, as is his argument that the administrative judge committed procedural errors during the hearing. Moreover, the MSPB having found that it lacked jurisdiction over the appeal, correctly held that it lacked jurisdiction over the age discrimination claim. See Cruz, 934 F.2d at 1248. We discern no error in the Board's decision to dismiss for lack of jurisdiction.
 
 
 
 *
 Judge Jane A. Restani of the United States Court of International Trade, sitting by designation
 
 
 [1]
 After filing, the gender discrimination claim was withdrawn