95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Shirley E. PENNINGTON, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 96-3105.
 United States Court of Appeals, Federal Circuit.
 Aug. 15, 1996.
 
 Before PLAGER, RADER, and BRYSON, Circuit Judges.
 
 PER CURIAM
 
 1
 Shirley E. Pennington ("Petitioner") contends she retired on January 3, 1995, forgoing voluntary separation incentive pay ("VSIP") offered three weeks later, because she was given inadequate and misleading information by her employing agency. Ms. Pennington asked the Merit Systems Protection Board ("Board") to reinstate her so she would be able to collect a VSIP. However, the Board found Petitioner's decision to retire on January 3, 1995 was not involuntary because it was not based on misrepresentations or deception of her employing agency. The Board therefore held that Petitioner raised no matter within the Board's jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 The Board would have jurisdiction over Petitioner's claim if her retirement was involuntary, and Petitioner's retirement would be involuntary if it was based on agency misinformation or deception. Covington v. Department of Health and Human Services, 750 F.2d 937, 941-42 (Fed.Cir.1984). The Board found that Petitioner's employing agency had neither deceived nor misinformed Petitioner. Furthermore, the Board found that Petitioner alleged no facts which, if accepted as true, would present a prima facie case that her retirement was involuntary. The Board observed, to the contrary, that Petitioner had an alternative to retiring on January 3, 1995--namely, she could have waited to see if there was going to be any additional VSIPs offered in the near future.
 
 
 3
 Our review of the Board's decision is limited to determining whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (1995).
 
 
 4
 After reviewing the evidence submitted by Petitioner, we agree that appellant has not met her burden of persuasion. The various internal documents submitted by Petitioner do not support a charge of misrepresentation. In fact, the evidence Petitioner relies on supports the agency's assertion that it accurately informed its employees of the situation regarding VSIPs. Therefore, it cannot be said that the Board's finding of no misrepresentation, and therefore no jurisdiction, is unsupported by substantial evidence.
 
 
 5
 Petitioner also asserts, citing Dumas v. MSPB, 789 F.2d 892 (Fed.Cir.1986), that because she alleged misrepresentation and submitted documentary evidence, she is entitled to a hearing. This argument is unpersuasive. Petitioner did not allege facts in support of misrepresentation; instead, she alleged the conclusion of law that the information presented to her by her employing agency was misleading and incomplete. The Board viewed the facts in support of Petitioner's claim of misrepresentation and concluded that such facts did not suggest misrepresentation. In reaching this conclusion, the Board neither found facts nor weighed conflicting testimony. Therefore, the Board committed no error of law.