**Dwight C. NORRIS, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3116.

United States Court of Appeals, Federal Circuit.

May 17, 2001.

Before PAULINE NEWMAN and BRYSON, Circuit Judges, ARCHER, Senior Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Dwight C. Norris appeals the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction.[1] We *affirm.*

## DISCUSSION

 A voluntary resignation is not an adverse action, and does not invoke the Board's jurisdiction. *Cruz v. Dep't of the Navy,* 934 F.2d 1240, 1244 (Fed.Cir.1991). A resignation is presumed to be voluntary, *Staats v. United States Postal Serv.,* 99 F.3d 1120, 1124 (Fed.Cir.1996), but the presumption may be overcome if the resignation was the result of coercion, duress, or misinformation provided by the agency. *Dumas v. Merit Sys. Prot. Bd.,* 789 F.2d 892, 894 (Fed.Cir.1986). Mr. Norris states that his resignation was coerced by the hostile and discriminatory conditions of his work environment.

### I

Mr. Norris was hired in June 1993 as a Medical Administrative Processing Clerk at the Veterans Administration Medical Center (VAMC) in La Jolla, California. He resigned from the VAMC effective July 20, 1996, and the next day started work as an accounting technician with the Defense Finance and Accounting Service in San Diego, California, at a lower grade. Mr. Norris then filed an appeal with the Board, in which he stated that his resignation from the position of Medical Clerk at the VAMC had been involuntary. He stated that the agency harassed him and created a hostile working environment, and that the agency's retaliatory behavior in response to his discrimination claims amounted to duress, coercion, and misrepresentation, resulting in his resignation.

At the Board hearing the administrative judge received testimony concerning Mr. Norris' work environment and his relations with his supervisors and colleagues. The administrative judge also received testimony that Mr. Norris had an accounting background and that he had told others that he wanted to return to the accounting field. Mr. Norris testified that his supervisors harassed him and treated him differently from other employees, that women were favored for promotion, that he was verbally abused and once was shoved, and that his performance evaluation was unfairly low and discriminatory. Each side's position received some evidentiary support. The Board concluded that while Mr. Norris' work situation may have been unpleasant, he did not establish that the conditions were so unbearable that his resignation was involuntary. The Board held that because the resignation was voluntary, the Board did not have jurisdiction to receive an appeal.

 We review the issue of voluntariness to ascertain whether the decision was correct in law, and supported by substantial evidence on the record as a whole. *See* 5 U.S.C. § 7703(c). Although there was testimony on both sides of the issue, substantial evidence supports the Board's decision that Mr. Norris voluntarily resigned from his position. We affirm the Board's dismissal of the appeal.

### II

Mr. Norris requested that this appeal be stayed pending resolution of his EEOC actions complaining of discrimination based on the same facts and events that he

---

**1.** *Norris v. Dep't of Veterans Affairs,* 87 M.S.P.R. 532 (2000).

presented to the Board. He stated that the expected favorable resolution of the EEOC discrimination claims would establish that he has been subjected to on-going harassment and a hostile work environment, thereby establishing error in the Board's ruling on voluntariness. However, in response to the Federal Circuit's routine inquiry as to whether he had filed a discrimination case in the EEOC, Mr. Norris marked "no" and wrote on the form that "the issues are not the same."

■ Mr. Norris presented evidence to the Board that his resignation resulted from duress, coercion or misinformation. The correctness of the Board's decision is the only issue reviewable in this appeal. Discrimination claims decided by the MSPB are not appealable to the Federal Circuit. *See Williams v. Dep't of the Army*, 715 F.2d 1485 (Fed.Cir.1983) (appeals of "mixed cases" from the MSPB are not within the statutory jurisdiction of the Federal Circuit). Mr. Norris' EEOC complaint does not affect our review of the Board's decision that Mr. Norris failed to establish jurisdiction. Thus we have declined to stay this appeal.

No costs.