NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KENNETH RAY KENT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2020-1455

_____

Petition for review of the Merit Systems Protection Board in No. AT-315H-19-0661-I-1.

_____

Decided:  August 5, 2020

_____

KENNETH RAY KENT, Greenwood Village, CO, pro se.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

_____

Before PROST, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

PER CURIAM.

Mr. Kenneth Ray Kent appealed his employment termination from the Internal Revenue Service ("IRS"). The Merit Systems Protection Board ("Board") dismissed Mr. Kent's appeal for lack of jurisdiction. Mr. Kent now petitions for review. For the reasons below, we affirm the Board's decision.

## BACKGROUND

Mr. Kent was appointed to the position of Contact Representative at the IRS on July 26, 2004. Then, on May 27, 2005, Mr. Kent's employment was terminated for "leave and AWOL issues." S.A. 39.[1]

Fourteen years later, Mr. Kent filed an appeal with the Board contesting his termination. *See* S.A. 1. Because Mr. Kent was terminated during the one-year probationary period noted on his appointment form, the administrative judge directed Mr. Kent and the IRS to address whether the Board had jurisdiction. S.A. 19–23. Mr. Kent had held other federal civilian positions several years before his appointment, with a gap of several years in between. S.A. 2, 27–30, 49–52. After briefing, the administrative judge initially issued an order declaring that the Board had jurisdiction due to the length of Mr. Kent's prior employment. S.A. 37–38. But several weeks later, the administrative judge reconsidered this determination in light of the multiple-year break in Mr. Kent's service and directed Mr. Kent to submit additional briefing regarding his employment status. S.A. 40–41; *see also id.* at 42–58 (Mr. Kent's response). Next, the administrative judge directed further briefing on the administrative mechanism

---

[1]    We cite the supplemental appendix ("S.A.") filed with the government's response brief.

used to appoint Mr. Kent.  S.A. 59–60; *see also id.* at 65–75 (Mr. Kent's response).

The administrative judge ultimately concluded that because Mr. Kent had failed to nonfrivolously allege that he was an "employee" for the purposes of 5 U.S.C. § 7511(a)(1)(A), Mr. Kent lacked the right to an appeal of his termination.  S.A. 6.  Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction.  S.A. 7.  Mr. Kent did not seek administrative review of the administrative judge's initial decision, which therefore became the Board's final decision.  This petition for review followed.[2]

We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I

We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).  We decide de novo whether the Board has jurisdiction, while accepting the Board's findings of fact if they are supported by substantial evidence. *Parrott v. MSPB*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

The Board has limited jurisdiction under 5 U.S.C. § 7701.  Removal from employment in the competitive service is appealable, but generally only if an individual qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(A) at the

---

[2]    Mr. Kent filed a motion to supplement, presenting arguments in response to the Board's response brief.  *See* Mot. to Suppl., ECF No. 34.  We accept Mr. Kent's filing and have considered Mr. Kent's arguments in this opinion.

time of removal. *McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002). A petitioner has the burden of establishing the Board's jurisdiction. *McCormick*, 307 F.3d at 1340; 5 C.F.R. § 1201.56(b)(2)(i)(A). A petitioner who makes a nonfrivolous allegation of jurisdiction is entitled to an evidentiary hearing at which jurisdiction must be established by a preponderance of the evidence. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). Nonfrivolous allegations are "more than conclusory," "plausible on [their] face," and "material to the legal issues." 5 C.F.R. § 1201.4(s). An administrative judge, in considering whether allegations are nonfrivolous, may not weigh evidence or resolve the parties' conflicting factual assertions. *Dumas v. MSPB*, 789 F.2d 892, 893–94 (Fed. Cir. 1986). The judge, however, may rely on the written record. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

Under § 7511(a)(1)(A), an individual in the competitive service is an "employee" if he is "not serving a probationary or trial period under an initial appointment" or he "has completed 1 year of current continuous service." "Current continuous service" is a period of employment immediately preceding an adverse action without a break in federal civilian employment of a workday. 5 C.F.R. § 752.402. Even if not "continuous," prior service may count toward the one-year probationary period requirement if the service was rendered at the same agency, in the same line of work, and with no more than one 30-day-or-less break in service. 5 C.F.R. § 315.802(b).

Alternatively, the probationary period is sometimes not required if the individual is "reinstated." Through reinstatement, agencies may noncompetitively appoint individuals who were previously employed in a career or career-conditional appointment. 5 C.F.R. § 315.401(a). An individual appointed by reinstatement is exempted from a probationary period if he completed one during his prior service. *Id.* § 315.801(a)(2). But reinstatement is

discretionary, even for qualified candidates having "career" tenure status. *See id.* § 315.401(a) ("[A]n agency *may* appoint by reinstatement . . . ." (emphasis added)); *id.* § 315.301(b); *accord Shafer v. Dep't of the Air Force*, 935 F.2d 280 (Fed. Cir. 1991) (nonprecedential).

## II

We agree with the Board that Mr. Kent has not made a nonfrivolous allegation that he was an "employee" under § 7511(a)(1)(A), because he was serving in a probationary period at the time of termination.

It is undisputed that Mr. Kent was terminated less than one year after he started working for the IRS. S.A. 6. And because his previous federal civilian employment had occurred years prior, it could not count toward the probationary period. S.A. 6. The only issue, then, is whether Mr. Kent was reinstated.

Mr. Kent's appointment SF-50 (Notification of Personnel Action Form) states that his appointment was subject to completion of a one-year probationary period. S.A. 35. Regulations require that any individual appointed to a position in the competitive service by selection from a certificate of eligibles must serve a one-year probationary period. 5 C.F.R. § 315.801(a)(1). The Board found that Mr. Kent's selection was from a certificate of eligibles. *See* S.A. 4–5, 35, 36. Indeed, the preferred federal hiring policy is through appointment via open competition. *See* 5 C.F.R. § 332.101(a). Consistently, Mr. Kent's SF-50s use the OPM codes 101 and 100, which reflect selection from a certificate. *See* S.A. 33 n.1, 35–36, 56. In contrast, Mr. Kent's previous SF-50s from reinstated positions use the OPM code 140. *See* S.A. 54–57. Additionally, the appointment SF-50 states "OPM DELE AGR CERT NO" as the legal authority for the appointment, which the Board reasonably found to indicate a delegation to the agency of OPM's authority to assemble a certificate of eligibles. S.A. 5 (citing

　　　　　　　　　　　　　　　　　　　　　　　　　　KENT v. MSPB

5 C.F.R. § 315.301), 35–36.[3] Likewise, the word "reinstatement" was absent from Mr. Kent's appointments. S.A. 5, 35–36.

Mr. Kent argued before the Board that the IRS "flagrantly misapplied" OPM rules and "misclassified" him, rendering him a probationary employee. S.A. 46. But this allegation is conclusory. He further argued that he was "not initially chosen for 1 of many (10 or more) contact representative positions" and that "after ascertaining that information," he "called the [IRS] Director," "informed the Director of [his] concerns" and reinstatement eligibility, and "subsequently received a phone call and was informed to report to" work. S.A. 47, 67–68. Even taken as true, Mr. Kent's allegations do not plausibly establish that he was reinstated.

Alternatively, Mr. Kent argues that because he attained "career" tenure status, *see* 5 C.F.R. §§ 315.301(b), 315.201(c)(2), the agency was *required* to reinstate him— or at the very least, no new probationary period was required. Again we disagree. As discussed above, career status can *qualify* an individual for reinstatement. But reinstatement is a matter of discretion. *See* 5 C.F.R. § 315.401(a). And without reinstatement, Mr. Kent was required to complete a probationary period before qualifying as an "employee" with appeal rights. *See id.* § 315.801(a)(1); *see also* 5 U.S.C. § 7511(a)(1)(A).

---

[3]　　Mr. Kent argues that the lack of a specific numeric code for this authority on the face of the SF-50 renders the authority invalid. Though the Board chided the agency for not including the certificate number, the Board nonetheless disagreed with Mr. Kent, finding no legal authority in support of his proposition. We agree with the Board.

CONCLUSION

We have considered Mr. Kent's other arguments but find them unpersuasive.[4]   For the foregoing reasons, Mr. Kent has not established that he was entitled to bring an appeal before the Board.   Accordingly, we affirm the Board's decision dismissing his appeal.

**AFFIRMED**

COSTS

Each party shall bear its own costs.

---

[4]   The Board did not reach the issue of whether Mr. Kent's appeal was timely.  Mr. Kent has asked us by motion to review this issue on appeal in the first instance. *See* Mot. to Review Entire Record, ECF No. 33.  We need not reach this issue because the question of Mr. Kent's "employee" status is dispositive, and therefore deny the motion.  We also deny Mr. Kent's motion for an extension of the hearing, *see* Mot. to Extend Hearing, ECF No. 35, as we note that this case is resolved without oral argument, and Mr. Kent has had a full opportunity to respond—and has responded—to the Board's response brief.  *See* ECF Nos. 26, 27, 28, 29, 31, 34.