# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOCELYN LEE,

           Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,

           Agency.

DOCKET NUMBER
DC-0752-17-0452-I-1

DATE: December 15, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Andrew Kim</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Joshua Barefoot</u>, Winston-Salem, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal claiming that the agency reduced her grade. The administrative judge determined that the appellant failed to make a nonfrivolous allegation that she suffered a reduction in grade, divesting the Board of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

jurisdiction over her appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    Effective February 21, 2016, the agency promoted the appellant to a GS-08, step 4, position as a Supervisory Medical Support Assistant. Initial Appeal File (IAF), Tab 13 at 8. The agency detailed the appellant to a Medical Support Assistant positon from May 2016 to March 20, 2017.[2] IAF, Tab 1 at 10-11, Tab 10 at 5. According to the appellant, in February 2017, when the detail was coming to an end, the agency presented her a choice between returning to a GS-08 Supervisory Medical Support Assistant position or a GS-05 Medical Support Assistant position with pay retention. IAF, Tab 9 at 6-7. The appellant advised that she wished to return to her former position. *Id.* at 7. After this meeting, the appellant claims that agency management informed her that she would not be placed back in her former GS-08 position. *Id*. at 7, 43-44. The appellant's reassignment as a Medical Support Assistant went into effect on March 20, 2017. IAF, Tab 1 at 11, Tab 10 at 6.

¶3    The appellant then filed a Board appeal and requested a hearing, alleging that the agency constructively reduced her from a GS-08 to a GS-05 on March 20, 2017, when it reassigned her to a Medical Support Assistant position.[3] IAF, Tab 1 at 3, 11-14. The agency contends that the appellant's reassignment to this position was not a reduction in grade and is at the GS-08 level. IAF, Tab 10 at 6. The administrative judge issued jurisdictional orders, to which both parties responded. IAF, Tabs 8-11, 13-14. In an initial decision issued on the written

---

[2] The appellant does not contend that the agency reduced her pay or grade during this detail. IAF, Tab 14 at 11.

[3] The appellant does not allege any reduction in pay. IAF, Tab 1 at 14.

record, the administrative judge determined that the appellant failed to nonfrivolously allege that she suffered a reduction in grade, depriving the Board of jurisdiction over her appeal. IAF, Tab 15, Initial Decision (ID). To support this conclusion, the administrative judge relied on a Standard Form 50 (SF-50) with an effective date of January 8, 2017, listing the appellant as a GS-08, step 4. ID at 3; IAF, Tab 13 at 9. The administrative judge also concluded that the appellant's allegation did not meet the nonfrivolous standard because there was no loss of pay, no SF-50 showing a reduction in grade, and the appellant did not produce evidence demonstrating that her Official Personnel Folder reflects a reduction. ID at 3. The appellant filed a petition for review contesting the initial decision, to which the agency responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

¶4 The Board generally has jurisdiction to review an appeal of a reduction in grade. *See* 5 U.S.C. §§ 7512(3), 7513(d). Although the threshold issue of whether the Board has jurisdiction over an appeal may be disposed of on the basis of the documentary record in appropriate cases, such disposition is not always permissible. *See Dumas v. Merit Systems Protection Board*, 789 F.2d 892, 894 (Fed. Cir. 1986). If an appellant makes a nonfrivolous allegation that an agency constructively reduced her grade and such allegation is based on more than mere conclusory accusations, she is entitled to a jurisdictional hearing on the matter. *Alford v. Department of the Army*, 47 M.S.P.R. 271, 274-75 (1991). A nonfrivolous allegation is an allegation of fact which, if proven, could establish a prima facie case of Board jurisdiction over the appeal. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶5 The SF-50 produced by the agency that the administrative judge relied on in the initial decision has an effective date from January 2017, meaning it predates the appellant's allegation that she suffered a reduction in grade on March 20,

2017. ID at 3; IAF, Tab 1 at 11, Tab 13 at 9. Moreover, the SF-50 states that the appellant is a Supervisory Medical Support Assistant, while the agency conceded that on March 20, 2017, it reassigned the appellant to a Medical Support Assistant position. IAF, Tab 10 at 6, Tab 13 at 9. This evidence leaves the record unclear and in dispute. As the appellant argues in her petition for review, in determining whether she has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon*, 60 M.S.P.R. at 329; PFR File, Tab 1 at 13-14. Relatedly, an SF-50 does not constitute a personnel action itself and does not on its face control an employee's status and rights. *Hunt-O'Neal v. Office of Personnel Management*, 116 M.S.P.R. 286, ¶ 10 (2011); *see, e.g.*, *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 13 (2012) (finding that the appellant suffered an appealable reduction in grade even though there was not an SF-50 denoting any reduction). In addition, the Board has jurisdiction to hear an appeal of a reduction in grade even if there is not an accompanying reduction in pay. *See* 5 U.S.C. §§ 7512(3), 7513(d); *Arrington*, 117 M.S.P.R. 301, ¶¶ 8-13.

¶6 Therefore, the appellant's allegation that the agency reduced her grade, if proven, could establish a prima facie case of Board jurisdiction over her appeal. *See* 5 U.S.C. §§ 7512(3), 7513(d). In support of her claim that she suffered this reduction, the appellant provided her performance standards and position description, both signed on March 21, 2017, indicating that her position was at the GS-05 level. IAF, Tab 9 at 19-29. The appellant also submitted declarations from coworkers describing her new position as a demotion and at the GS-05 level, the office director's apparent approval of her placement in a GS-05 position, and emails to supervisors about her reduction to a GS-05. *Id.* at 43-44, 73-74, 76; *see*

*Woodworth v. Department of the Navy*, [105 M.S.P.R. 456](#), ¶ 14 (2007) (holding that nonfrivolous jurisdictional allegations supported by affidavits or other evidence confer Board jurisdiction), *aff'd*, 329 F App'x 281 (Fed. Cir. 2009). As such, we find that the appellant has made a nonfrivolous allegation that the agency reduced her grade and is entitled to a jurisdictional hearing. *Garcia v. Department of Homeland Security*, [437 F.3d 1322](#), 1344 (Fed. Cir. 2006) (en banc).

## ORDER

¶7     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication. The administrative judge should apprise the appellant of her burden in establishing Board jurisdiction over her reduction in grade appeal and then convene a jurisdictional hearing. The parties also should be afforded an opportunity to conduct discovery on the issue of jurisdiction prior to such hearing.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.