**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GERALD L. DOVE,

Appellant,

v.

DEPARTMENT OF THE ARMY,

Agency.

DOCKET NUMBER
PH-3443-20-0094-I-1

DATE: February 27, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Shaun Frederick Owens</u>, Esquire, Upper Marlboro, Maryland, for the
appellant.

<u>Michael L. Hoyle</u>, Esquire, Aberdeen Proving Ground, Maryland, for the
agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which
dismissed his involuntary retirement appeal for lack of jurisdiction. For the
reasons discussed below, we GRANT the appellant's petition for review,

---

[1]A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed by the agency as a Supervisory Police Officer in the Directorate of Emergency Services (DES) at a U.S. Army Installation Command in Maryland. Initial Appeal File (IAF), Tab 1 at 20. In March 2018, the agency announced a "window of opportunity" in which employees could apply for Voluntary Early Retirement Authority (VERA)/Voluntary Separation Incentive Pay (VSIP). IAF, Tab 3 at 19-36, Tab 7 at 35. On March 23, 2018, the appellant submitted a fiscal year 2018 Buy-Out Application, stating that he was pursuing incentive pay for optional retirement with a requested retirement date of April 29, 2018. IAF, Tab 3 at 38, 40. The appellant provided the following justification for the VSIP: "Currently, my position has been offered/accepted placing me in an Over-hire Position." *Id.* at 40. On March 30, 2018, the appellant sent a memorandum to the Garrison Commander regarding his request, stating that his "conventional retirement date" was July 2019. IAF, Tab 7 at 26. He maintained that the agency had hired someone for his position on March 14, 2018, placing him in an over-hire position, so that there was "no conflict to impair approval of the Buyout (VSIP) incentive." *Id.*

On April 20, 2018, the Director of Human Resources (HR) notified the appellant via email that the agency had denied his request for a VSIP. *Id.* at 25. The email stated that the appellant was "in an authorized position even though DES proactively recruited to backfill [his] position prior to [his] retiring," and that his "position [could not] be restricted or abolished as it is critical to [the agency's] mission." *Id.* According to the appellant, on April 24, 2018 he met with the Director of DES and the Garrison Commander to discuss the agency's denial of his application. IAF, Tab 3 at 46. The appellant retired from the agency, effective April 29, 2018. IAF, Tab 1 at 20.

On May 7, 2018, 8 days after the effective date of his retirement, the appellant sent a memorandum to the Garrison Commander challenging the denial of his VSIP. IAF, Tab 7 at 27-29. He repeated his contention regarding the agency's purported "illegal hire" for his position that had taken place 2 weeks prior to his application for early retirement. *Id.* at 27. The appellant argued that the hiring forced him out of his position, placed him in an over-hire position, and "even if retirement was withdrawn gave [him] no recourse" because he would no longer have his DES Police Captain position. *Id.* The appellant also asserted that the Garrison Commander and the Director of DES stated that even if he withdrew his early retirement there would be no Police Captain position for him at DES, and instead he would "probably be carried as excess somewhere on APG," placing him in a RIF/over hire position. *Id.* at 28. Finally, the appellant complained that the Garrison Commander had waited to inform him of the denial of his VSIP request until after his retirement ceremony and that he had "assumed" that a negative response to his application would have been "given immediately and without delay." *Id.* The appellant subsequently filed an equal employment opportunity (EEO) complaint alleging that the agency discriminated against him on the basis of age when it placed him in an over-hire position and then denied his VSIP request. IAF, Tab 7 at 31-32. Although he initially requested a hearing, he withdrew the request and requested a final agency decision (FAD) with Board appeal rights, stating that his complaint was "most akin to a claim of constructive retirement" and therefore a mixed-case complaint. *Id.* at 32. The agency issued a FAD on November 14, 2019, finding that the appellant had not shown that he was subjected to age-based discrimination. *Id.* at 31, 50.

The appellant timely filed the present appeal, alleging that his retirement was tantamount to a constructive discharge. IAF, Tab 1 at 6-11. He alleged that the HR Director had specifically instructed him to state on his VSIP application that his position had been offered to and accepted by another individual, placing him in an over-hire position. *Id.* at 7. The appellant further alleged that he had

been told by the Army Benefits Center that he qualified for optional retirement under VSIP. *Id.* at 8.

In an acknowledgment order, the administrative judge characterized the appellant's appeal as a "denial of [his] request for VERA/VSIP" and informed him that the Board may not have jurisdiction over his appeal. IAF, Tab 2 at 2. She did not provide jurisdictional notice regarding alleged constructive actions such as an involuntary retirement. *Id.* at 2-3. Instead, the administrative judge informed the appellant of four possible bases of jurisdiction over a denial of VERA/VSIP, including as a personnel action taken in retaliation for making a protected disclosure or engaging in protected activity, discrimination based on uniformed service, or a denial in violation of veterans' preference rights. *Id.* In response to the acknowledgment order, the appellant argued that his appeal concerned two issues: (1) the denial of his VSIP application, and (2) whether the information that agency officials provided to him during his application process was knowingly inaccurate, provided with intent to induce him to retire, and led to his constructive retirement. IAF, Tab 3 at 4-5. The appellant argued that he had made nonfrivolous claims of constructive retirement because of the statements made regarding his eligibility for VSIP from the Director of HR and benefits center employees. *Id.* at 7-8.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 8, Initial Decision (ID) at 1, 5. The administrative judge found that the appellant failed to make nonfrivolous allegations that his retirement was involuntary. ID at 3-5. She found that the appellant had failed to nonfrivolously allege that he had been misled by the agency and that he had reasonably relied on the misinformation to his detriment. ID at 5. Finally, the administrative judge found that the appellant's age discrimination claim was not an independent source of Board jurisdiction. *Id.*

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On petition for review, the appellant argues that the administrative judge erred in finding that he failed to raise nonfrivolous allegations that his retirement was involuntary. PFR File, Tab 1 at 9-15. He maintains that, due to the statements of agency officials, he reasonably believed that the agency's promotion of another individual to take his position "divested him of a job" and placed him in an over-hire position, such that he would be unable to return to his position if he withdrew his retirement application and could be subject to relocation or reduction in grade. *Id.* at 5, 13-14; IAF, Tab 3 at 7-8. The appellant also repeats his allegations that the Director of HR provided to him the "specific language" to use in his VSIP application regarding the over-hire position and that benefits center employees informed him that he qualified for optional retirement under VSIP. PFR File, Tab 1 at 6, 13; IAF, Tab 1 at 7, Tab 3 at 7. He argues that the administrative judge erroneously determined that the Director of HR was unlikely to have made the statement regarding the VSIP application, in large part due to the language in her email later denying the request. PFR File, Tab 1 at 10. Finally, the appellant challenges the administrative judge's finding that his two prior applications and denials for VSIP demonstrated his understanding of the voluntary nature of his retirement. *Id.*

Retirements and resignations are presumed to be voluntary, but the Board has jurisdiction over an appeal filed by an employee who has retired if his retirement was involuntary and tantamount to a forced removal. *See Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008) (internal citations omitted). The presumption that a retirement is voluntary can be rebutted by evidence showing that the retirement was the result of agency misrepresentation. *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9

(2010). Where such a claim is made, an appellant must show the following: (1) the agency made misleading statements; and (2) he reasonably relied on the misinformation to his detriment. *Id.* The touchstone of the analysis of whether a retirement is involuntary is whether the employee made an informed choice. *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 16 (2009). A decision made "with blinders on," based on misinformation or lack of information, cannot be binding as a matter of fundamental fairness and due process." *Id.* (quoting *Covington v. Department of Health and Human Services*, 750 F.2d 937, 943 (Fed. Cir. 1984)). An agency must provide information that is not only correct in nature but adequate in scope to allow an employee to make an informed decision. *Baldwin,* 111 M.S.P.R. 586, ¶ 16. This includes an obligation to correct any erroneous information on which it has reason to know an employee is relying. *Id*.

An appellant bears the burden of proving Board jurisdiction by preponderant evidence.[2] 5 C.F.R. § 1201.56(b)(2)(i)(A). An appellant is entitled to a jurisdictional hearing if he presents nonfrivolous allegations[3] of Board jurisdiction. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Id.* Although the administrative judge failed to provide the appellant with proper jurisdictional notice regarding constructive

---

[2] A preponderance of the evidence is that "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

actions, the parties briefed this issue in their responses to the acknowledgment order and the initial decision set forth the proper jurisdictional standard. IAF, Tab 2 at 2-3, Tab 3 at 6-8, Tab 7 at 6-9; *see Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (stating that an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction).

The agency argues in its response to the petition for review that the "**appellant alone** asserts that he was given misinformation by the Director of Human Resources" (emphasis in original) and that the assertion is not supported by the evidentiary record. PFR File, Tab 3 at 7. However, the administrative judge erred to the extent that she weighed the evidence at the jurisdictional stage of the appeal in finding that "it appear[ed] unlikely that [the Director of HR] told the appellant to claim that he was in an over-hire situation" in his VSIP application based on her email denying the request as set forth in the agency's evidence file. ID at 4; IAF Tab 7 at 25; *see Ferdon*, 60 M.S.P.R. at 329; *see also Dumas v. Merit Systems Protection Board*, 789 F.2d 892, 894 (Fed. Cir. 1986) (stating if the alleged facts are sufficient to support a prima facie case of involuntariness, the issue cannot be summarily determined adversely; the petitioner is entitled to an evidentiary hearing on the issue). In addition, although the administrative judge dismissed the appellant's arguments regarding his detrimental reliance on the misinformation regarding his retirement qualification status because he "did not attempt to withdraw his request for optional retirement" in the 9 days between the agency's notification of the VSIP denial and his retirement date, she failed to address the appellant's claims regarding the agency's misinformation and his reliance thereon that he would be unable to return to his Police Captain position if he withdrew his retirement request and could be subject to reductions in force and other employment uncertainty. ID at 4; IAF, Tab 1 at 7-9, Tab 3 at 7-8.

The record evidence demonstrates that the appellant has made the same allegations regarding the misinformation about his qualification for VSIP and the implications of the agency's hiring of another individual for his position on his job status since he applied for the VSIP. In his EEO complaint, he made the same allegations as in his jurisdictional response regarding the Director of HR's instructions regarding his VSIP application as well as his belief that the hiring of the other individual for his position placed him in an over-hire position and that the Garrison Commander and the Director of DES told him there would be no place for him at DES if he withdrew his early retirement. IAF, Tab 1 at 7-9, 24-25, 28-29, Tab 3 at 6-8. Moreover, the record suggests that the agency had reason to know that the appellant was relying on mistaken information that he qualified for optional retirement under the VSIP due to being in an over-hire position from his statements both in his application and his March 30, 2018 "Garrison Employee Canvas Response Buyout (VISP) FY 2018" memorandum to the Garrison Commander. IAF, Tab 1 at 15-16; *see Baldwin*, 111 M.S.P.R. 586, ¶ 16. Further, the appellant alleged that the agency did nothing to correct the appellant's erroneous belief in his VSIP qualification or over-hire status until after his retirement ceremony. IAF, Tab 1 at 8-10, 18. He also asserted that the Garrison Commander and the Director of DES told him during their post-ceremony meeting (but prior to the effective date of his retirement) that "even if [he] withdrew [his] early retirement there would be no Police Captain position for [him] at DES" and that he "would probably be carried as excess." *Id*. at 18. If true, the appellant would have reasonably relied on the statements that he was in an over-hire position, eligible for VSIP, and not able to return to his existing position if he withdrew his request for early retirement from the relevant agency officials in HR, the benefits center, and his chain of command.

Therefore, we find that the appellant has made a nonfrivolous allegation that his retirement was involuntary because he materially relied on agency misinformation regarding his retirement. *See Morrison v. Department of the*

*Navy*, 122 M.S.P.R. 205, ¶¶ 8-10 (2015) (finding that the appellant's allegation that an agency official improperly told him that he would lose his retirement benefits if he were removed, in addition to record evidence demonstrating that the agency has reason to know that appellant was relying on the misinformation, constituted a nonfrivolous allegation that he was subjected to a constructive removal); *Aldridge v. Department of Agriculture*, 110 M.S.P.R. 21, ¶¶ 11-12 (2008). Because the appellant has presented nonfrivolous allegations of Board jurisdiction, he is entitled to a jurisdictional hearing. *See Ferdon*, 60 M.S.P.R. at 329.

## ORDER

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.